IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MILLENNIUM MEDIA INC., et. al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 23-cv-16378 |
| KEITH VOGT and KEITH VOGT, LTD., | ) |
| Defendants. | ) |

**DEFENDANTS' RULE 26 DISCLOSURES**

NOW COME the Defendants, KEITH VOGT and KEITH VOGT, LTD., by and through their attorneys, SWANSON, MARTIN & BELL, LLP, and for their Rule 26(a)(1)(A) disclosures, state as follows:

1. Rule 26(1)(A)(i): the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

**ANSWER:**

**DelMarie Broco**, Millennium Media. Ms. Broco has knowledge of her engagement of defendants and defendants' efforts to bring actions on plaintiffs' behalf for trademark infringement. Ms. Broco has knowledge of her conversations and interactions with plaintiffs' employees and with defendants. Ms. Broco has knowledge of the recoveries made by defendants on the plaintiffs' behalf and the distribution of funds in accordance with the retention agreement.

**Jonathan Yunger**, Millennium Media. Mr. Yunger has knowledge of his engagement of defendants and defendants' efforts to bring actions on plaintiffs' behalf for trademark infringement. Mr. Yunger has knowledge of his conversations and interactions with plaintiffs' employees and with defendants. Mr. Yunger has knowledge of the recoveries made by defendants on the plaintiffs' behalf and the distribution of funds in accordance with the retention agreement.

**Gustavo Santana**, Millennium Media. Mr. Santana has knowledge of his engagement of defendants and defendants' efforts to bring actions on plaintiffs' behalf for trademark infringement. Mr. Santana has knowledge of his conversations and interactions with plaintiffs' employees and with defendants. Mr. Santana has knowledge of the recoveries made by defendants on the plaintiffs' behalf and the distribution of funds in accordance with the retention agreement.

**Avi Lerner**, Millennium Media. Mr. Lerner has knowledge of his engagement of defendants and defendants' efforts to bring actions on plaintiffs' behalf for trademark infringement. Mr. Lerner has knowledge of his conversations and interactions with plaintiffs' employees and with defendants. Mr. Lerner has knowledge of the recoveries made by defendants on the plaintiffs' behalf and the distribution of funds in accordance with the retention agreement.

**Trevor Short**, Millennium Media. Mr. Short has knowledge of his engagement of defendants and defendants' efforts to bring actions on plaintiffs' behalf for trademark infringement. Mr. Short has knowledge of his conversations and interactions with plaintiffs' employees and with defendants. Mr. Short has knowledge of the recoveries made by defendants on the plaintiffs' behalf and the distribution of funds in accordance with the retention agreement.

**Rick Eyler**, Nu Image. Mr. Eyler has knowledge of his engagement of defendants and defendants' efforts to bring actions on plaintiffs' behalf for trademark infringement. Mr. Eyler has knowledge of his conversations and interactions with plaintiffs' employees and with defendants. Mr. Eyler has knowledge of the recoveries made by defendants on the plaintiffs' behalf and the distribution of funds in accordance with the retention agreement.

**Dimiter Nikolov**, Nu Image. Mr. Nikolov has knowledge of his engagement of defendants and defendants' efforts to bring actions on plaintiffs' behalf for trademark infringement. Mr. Nikolov has knowledge of his conversations and interactions with plaintiffs' employees and with defendants. Mr. Nikolov has knowledge of the recoveries made by defendants on the plaintiffs' behalf and the distribution of funds in accordance with the retention agreement.

**Keith Vogt**, Mr. Vogt has knowledge of the scope of work that defendants were retained to perform on behalf of plaintiffs and the legal services he performed. Mr. Vogt has knowledge of communications with plaintiffs' employees, representatives and agents undertaken for the purpose of eliciting facts which would allow defendants to file complaints on behalf of plaintiffs. Mr. Vogt has knowledge that the legal services that defendants provided complied with all applicable professional standards of care.

**Patrick Achache,** New Alchemy, 7901 4th St N Ste 300, St. Petersburg, FL 33702. Mr. Achache has knowledge of the scope of work that defendants were retained to perform on behalf of plaintiffs and the legal services defendants performed. Mr. Achache has knowledge of communications with plaintiffs' employees, representatives and agents

undertaken for the purpose of eliciting facts which would allow defendants to file complaints on behalf of plaintiffs. Mr. Achache has knowledge of the recoveries made by defendants on the plaintiffs' behalf and the distribution of funds in accordance with the retention agreement.

**Ben Perino**, New Alchemy, 7901 4th St N Ste 300, St. Petersburg, FL 33702. Mr. Perino has knowledge of the scope of work that defendants were retained to perform on behalf of plaintiffs and the legal services defendants performed. Mr. Perino has knowledge of communications with plaintiffs' employees, representatives and agents undertaken for the purpose of eliciting facts which would allow defendants to file complaints on behalf of plaintiffs. Mr. Perino has knowledge of the recoveries made by defendants on the plaintiffs' behalf and the distribution of funds in accordance with the retention agreement

**Amazon**, 410 Terry Ave, Seattle, WA 98109. Defendants anticipate that Amazon will designate a person most knowledgeable to testify about settlement funds paid to the defendants on the plaintiffs' behalf.

**Wish**, 1 Sansome St., San Francisco, CA 98104. Defendants anticipate that Wish will designate a person most knowledgeable to testify about settlement funds paid to the defendants on the plaintiffs' behalf.

2. Rule 26(1)(A)(ii): a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

> **ANSWER:** None known by these defendants other than defendants' file concerning plaintiffs' client files. Defendants will be producing all documents in their possession upon the entry of a protective order.

3. Rule 26(1)(A)(iii): a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered

> **ANSWER:** Defendants are not making a claim for damages and, therefore, make no disclosure under Rule 26(1)(A)(iii).

4. Rule 26(1)(A)(iv): for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**ANSWER:** Defendants will make a copy of their insurance policy available for inspection or copying upon request of plaintiff.

Respectfully submitted,

**SWANSON, MARTIN & BELL, LLP**

By: /s/ Bryan J. Kirsch
One of the attorneys for KEITH VOGT and KEITH VOGT, LTD.,

John J. Duffy (6224834)
Bryan J. Kirsch (6277793)
SWANSON, MARTIN & BELL, LLP
330 N. Wabash Drive
Suite 3300
Chicago, IL 60611
(312) 321-9100
jduffy@smbtrials.com
bkirsch@smbtrials.com